UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRANDON HOLMES, *pro se*,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Petitioner,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　-against-　　　　　　　　　　　　　　:　　14-CV-06373 (DLI)(LB)
　　　　　　　　　　　　　　　　　　　　　　　　:
MICHAEL CAPRA,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Respondent.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

　　　　Petitioner Brandon Holmes ("Petitioner"), proceeding *pro se* and currently incarcerated at Sing Sing Correctional Facility in Ossining, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the petition on October 28, 2014, challenging his June 27, 1989 conviction for murder in the second degree in Kings County Supreme Court. By Order issued October 31, 2014, Petitioner was directed to show cause why the Petition should not be dismissed as time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Petitioner responded on March 31, 2015, attaching a letter dated November 15, 2014 ("March 31 Letter"). (*See* Dkt. Entry No. 4.) Without leave from the Court, Petitioner supplemented his response with letters dated March 28, 2015 ("March 28 Letter"), and December 22, 2015 ("Dec. 22 Letter"). (*See* Dkt. Entry Nos. 5-6.) On January 5, 2016, the Court ordered Respondent to file a response and noting it would consider Petitioner's additional arguments.[1]

　　　　Petitioner argues that he is entitled to equitable tolling and is actually innocent of the crime of conviction. In response, Respondent argues that equitable tolling is inapplicable and that

---

[1] By Order dated February 24, 2016, this Court stated that it would not consider Petitioner's other untimely submissions submitted on January 25, 2016 and February 17, 2016. (*See* Dkt. Entry Nos. 9, 10.)

1

Petitioner's actual innocence claim is meritless. (*See* Reply in Opposition ("Opp."), Dkt. Entry No. 8.) For the reasons set forth below, the Petition is denied as untimely.

## DISCUSSION

AEDPA establishes a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.A. § 2244 (d)(1)(A).[2] A conviction becomes final when the 90-day period for seeking a writ of certiorari expires. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). AEDPA contains a statutory tolling period, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir. 2000). In addition to the statutory tolling period, AEDPA's one-year limitations period is subject to the doctrine of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir.2010).

Petitioner's conviction became final on February 22, 1994 when the United States Supreme Court denied his petition for a writ of certiorari and prior to the effective date of AEDPA. As a result, Petitioner had until April 24, 1997, or one year after the effective date of AEDPA, to file his habeas corpus petition. *See Wood v. Milyard*, 556 U.S. 463 (2012) ("For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."); *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998).

---

[2] Petitioner asserts, in passing, that subsections (B) and (D) of § 2244(d)(1) apply. However, Petitioner does not state any facts from which the Court can conclude that these subsections are applicable. For instance, Petitioner concedes that he knew about adolescent brain science research since November 2009, almost five years before he filed his Petition.

However, Petitioner did not file his petition until October 28, 2014, more than seventeen years after the limitations period expired. Thus, the Petition is untimely and barred by 28 U.S.C. § 2244(d), unless Petitioner can demonstrate that the one-year period between April 24, 1996, when AEDPA took effect, and April 24, 1997, was either statutorily or equitably tolled. *See Davis v. Racette*, 99 F. Supp.3d 379, 385 (E.D.N.Y. 2015).

Statutory tolling is not applicable between April 24, 1996 and April 24, 1997 because, as both parties concede, Petitioner did not have a state post-conviction motion pending. (March 31 Letter at 3, 8; Opp. at 16.) *See Saunders v. Senkowski,* 587 F.3d 543, 548 (2d Cir.2009) ("It is clear from the statutory language that the possibility of filing an application for post-conviction relief is not enough to toll the limitations period[.]"). Petitioner claims to have filed a claim in the New York State Court of Claims in 1996 seeking compensation for the destruction of his trial transcripts by prison officials. However, because that action did not seek collateral review of the judgment of the conviction, it is inapposite for purposes of statutory tolling. Additionally, if such a suit could toll the limitations period, "prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions." *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). Instead, Petitioner filed his motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440 on June 29, 1998, over one year after the limitations period expired. (Opp. at 7, 16.) This filing cannot toll an already expired statute of limitations. *See Davis*, 99 F. Supp.3d at 386; *Breeden v. Lee*, 2010 WL 1930223, at *3 (E.D.N.Y. May 10, 2010); *Sorce v. Artuz*, 73 F. Supp.2d 292, 297 (E.D.N.Y. 1999).

Petitioner is not entitled to equitable tolling either. A court may equitably toll the limitations period where the petitioner demonstrates that "he has been pursuing his rights

3

diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Petitioner has not demonstrated an extraordinary circumstance. His only justification for not filing within the one-year period is that "as late as January 1996 prison officials destroyed [his] trial transcripts." (March 31 Letter at 3.) The loss or inaccessibility of legal materials alone is not an extraordinary circumstance. *See e.g.*, *Williams v. Heath*, 2012 WL 580224, at *3 (E.D.N.Y. Feb. 16, 2012); *Rush v. Lempke*, 2011 WL 477807, at *7 (E.D.N.Y. Feb. 2, 2011). Even if it were, Petitioner has not established the necessary causal relationship between the extraordinary circumstance and the untimely filing. *See Jenkins*, 630 F.3d at 303. Petitioner's remaining arguments solely address the time period after the one-year statute of limitations expired, and, therefore, are not relevant. Nonetheless, the Court notes that Petitioner did not act with reasonable diligence or demonstrate an extraordinary circumstance for the many years he seeks to toll. *See Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (finding that petitioner was "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled.")

Next, the Court considers Petitioner's actual innocence claim. A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins,* ___ U.S. ____, 133 S.Ct. 1924, 1931 (2013); *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012). An actual innocence claim must be both "credible" and "compelling." *Rivas*, 687 F.3d at 541. For the claim to be "credible," it must be supported by "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). For the claim to be "compelling," the

petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt[.]" *Id.*

Petitioner's claim of actual innocence is premised on scientific research, generally called "adolescent brain science," which Petitioner discovered in 2009. (March 31 Letter at 4, 7.) At the age of sixteen, Petitioner shot an unarmed guard at a grocery store and later was convicted of second degree murder for the crime. (Opp. at 2, 5.) Since he was an adolescent at the time of the murder, Petitioner argues that this research proves that he is innocent, did not have the necessary mental state, or did not intend to commit second degree murder. (March 31 Letter at 5-9; March 28 Letter at 2.)

While "adolescent brain science" research may aid a petitioner in presenting a claim that is both credible and compelling, such is not the case here. Petitioner's claim fails because he has not included any new exculpatory scientific evidence in his submissions.[3] Petitioner's new evidence consists of one short newspaper article that mentions the research and multiple broad unsubstantiated statements that, because he was sixteen at the time of the crime, the general body of research proves his innocence. Notably, Petitioner does not include any of the actual research in his submissions. This falls far short of the showing necessary to establish that a claim is credible and compelling. *See Rivas,* 687 F.3d at 546–47 (finding that the petitioner had "a close case" that met the *Schlup* standard where petitioner presented reliable scientific expert testimony specific to the case, but noting that the Second Circuit "would not expect a lesser showing of actual innocence to satisfy the *Schlup* standard.") "Establishing actual innocence is not easy," *Johnson v. Bellnier*, 508 F. App'x 23, 25 (2d Cir. 2013), and merely mentioning the existence of general scientific

---

[3] This Court has noted previously that "it is an open question in this Circuit whether evidence, to qualify as 'new' for purposes of an actual innocence claim, must have been unavailable at the time of trial, or simply not presented to the trier of fact at trial." *Williams v. Bradt*, 2016 WL 1273228, at *11 (E.D.N.Y. Mar. 30, 2016). The Court need not resolve this question at this time.

5

research and asserting that it must apply to the specific case, is insufficient to meet the "demanding" actual innocence standard. *See McQuiggin,* 133 S.Ct. at 1936 ("We stress once again that the *Schlup* standard is demanding."). Based on the limited information in the Petition, the Court cannot conclude that, had Petitioner presented adolescent brain science research at trial, "more likely than not ... no reasonable juror would [have found him] guilty beyond a reasonable doubt." *Rivas*, 687 F.3d at 541; *Adams v. Wenerowicz*, 2013 WL 6692742, at *1 n. 2 (E.D. Pa. Dec. 19, 2013) (rejecting actual innocence claim where petitioner relied on adolescent brain development research because "jury could still reasonably find beyond a reasonable doubt that a particular adolescent offender is guilty of murder.")

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely and neither statutory nor equitable tolling of the statute of limitations applies. Petitioner is denied a certificate of appealability as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 8, 2018

                                                        /s/
                                        DORA L. IRIZARRY
                                            Chief Judge